## PETITION OF W. C. McNULTY.

FOR A WRIT OF MANDAMUS TO THE COURT OF QUARTER SES-
SIONS OF FRANKLIN COUNTY.

Presented May 18, 1891—Refused May 21, 1891.

When, from the petition for an alternative mandamus, it appeared that
the Court of Quarter Sessions of Franklin county had heard the peti-
tioner's application for a distiller's license to sell liquors at wholesale
under the act of May 24, 1887, P. L. 194,* and upon due consideration
denied it, although no objection was made or remonstrance filed, the
writ was refused.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and
McCOLLUM, JJ.

No. 000 July Term 1891, Sup. Ct.

On May 18, 1891, William C. McNulty presented his peti-
tion to the Supreme Court, representing that he was a citizen
of Franklin county; that on January 3, 1891, he filed his peti-
tion in the Court of Quarter Sessions of said county, for a license
for one year from March 1, 1891, for the sale of spirituous
liquors by wholesale as a distiller, in quantities not less than
one gallon, at the place described in said petition, pursuant to
the provisions of the act of May 24, 1887, P. L. 194; that on
February 20, 1891, he filed his bond for such license, a certified
copy of his said petition and bond being attached; that said
petition was duly advertised according to law, and no remon-
strance or objection was filed or made in said court to the grant-
ing of said license.

The petitioner further represented that he was the lessee of a
certain distillery situate near the borough of Chambersburg,
known as distillery No. 37 of the 9th district of Pennsylvania;
that he began to manufacture whiskey in said distillery on
January 13, 1891, and made return of his said distillery to the
mercantile appraiser of said county, to have the same regularly
rated according to law, and that he had been engaged in the
manufacture of whiskey at said distillery ever since said date;

* See act of June 9, 1891, P. L. 257.

that his said petition came on to be heard before the Honorable John Stewart, president judge of the said court, pursuant to a rule of the said court, on February 28, 1891, at which time the said petition was heard by the said court and was held under advisement until March 9, 1891, when the said court refused to grant the petitioner a license as prayed for. Representing that the refusal of a license to him by the said court was wholly illegal and without warrant, and that the petitioner was advised and believed that the said court was without discretion in the matter of the granting of said license, the same being demandable by the petitioner as a matter of right, the petitioner prayed that a writ of alternative mandamus might be awarded, directed to the Honorable John Stewart, president and sole judge of the said Court of Quarter Sessions, commanding him to grant a license to the said petitioner as prayed for, or to show cause, etc.

Mr. O. C. Bowers, for the petitioner.

Counsel cited : Section 3, compared with §§ 6, 7, act of March 31, 1856, P. L. 200 ; §§ 31, 32, act of April 10, 1849, P. L. 576 ; act of April 20, 1858, P. L. 366 ; act of March 22, 1867, P. L. 40 ; act of May 24, 1887, P. L. 194 ; Britton v. Commonwealth, 105 Pa. 311.

PER CURIAM :

Writ of alternative mandamus refused.